## ROBERT McCARTY *v.* A. R. SPLANE et al.

The transferree of a litigious right from one who purchased it, but was incapacitated to buy, under Article 2422 of the Code—to the knowledge of the transferree—acquires nothing—and the debtor, when sued, may set up the nullity of the sale.

APPEAL from the District Court, Parish of St. Mary, *Voorhies*, J. *Walker*, for plaintiff and appellant. *Olivier*, for defendants.

*Walker*, for plaintiff:

On the trial of the case *nisi*, I contended as I do now, that the sale of *Splane's* judgment against *McCarty* could not be treated as a nullity until the nullity was ascertained and determined by a suit brought for that purpose; that by a long series of decisions, this Court had fixed the rule that no sales could be treated collaterally as nullities, except such as were clearly simulated,

<div style="float:right">MCCARTY<br>*v.*<br>SPLANE ET AL.</div>

and referred the District Judge to 4 L. R, 39; 11 R. R, 288; 5 L. R, 124; 4 L. R, 338; 3 L. R, 448; 8 L. R, 146; 9 R. R, 70; 14 L. R, 424; 3 Ann. R, 640; 2 Ann. R, 912. In the last of the foregoing cases, the Court say:— "Having failed to establish the continued possession of the vendor after this registered and recorded sale, it was indispensable to the success of the defence set up in this action by the defendants, to prove that averment of simulation by other evidence; for when there has been a real though fraudulent sale operating to the detriment of creditors, the title and possession of the purchaser cannot be disregarded. The creditor, in such cases, can only reach the property conveyed, by causing the sale to be annulled in a direct revocatory action. It is well settled that the title in such cases cannot be attacked directly commencing with a seizure." In the case at bar there was a public sale, which became a matter of record, and the defendant, *Splane,* was bound to know it, even if he had not been specially notified by the Sheriff of the seizure.

SLIDELL, J. *Splane* having a judgment against *McCarty,* took out a *fieri facias;* and then *McCarty* obtained an injunction in the present action, alleging that *Splane's* judgment against him had been sold under execution, and that he, *McCarty,* was now the owner of it. He prayed for the perpetuation of the injunction and $200 damages for the annoyance. *Splane* pleaded in defence the nullity of the judicial sale under which *McCarty* claimed.

It appears then at the time of the judicial sale of *Splane's* claim against *McCarty,* it was a litigious right, the suit upon it being then pending on an appeal to this Court. The person to whom it was adjudicated for one dollar at the Sheriff's sale, and who subsequently transferred it to *McCarty,* was an attorney at law, practising in the Court where *Splane's* suit was brought, and in this Court. Under the Article 2422, he was incapable of purchasing; his transferree was aware of the incapacity; and the defendant had, in our opinion, a right to set up the nullity as a means of defence against the present suit.

Judgment affirmed, with costs.